# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS KONTOGIANNIS,<br><br>                 Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                 Respondent. | CASE NO. 07cr0423-LAB<br>08cv1373-LAB<br>12cv2265-LAB<br><br>**ORDER DENYING AS TIME-BARRED PETITION PURSUANT TO 28 U.S.C. § 2255** |

      On February 23, 2007, Petitioner Thomas Kontogiannis pleaded guilty to one count of violating 18 U.S.C. § 1957. The Court entered judgment on May 19, 2008, sentencing him to 97 months' imprisonment, three years' supervised release, and a fine of $1,050,000. On July 24, 2008, a petition pursuant to 28 U.S.C. § 2255 was filed on Kontogiannis' behalf. After the Court set a briefing schedule, Kontogiannis filed a motion to withdraw the petition. He represented that, although he had signed a draft of the petition, it was filed by someone else without his authorization. The Court therefore on August 28, 2008 granted him leave to withdraw the petition "without prejudice to refiling at a later date, in accordance with applicable rules." (Order of Aug. 28, 2008 (Docket no. 90) at 1:26–2:2. *See also* Motion to Withdraw (Docket no. 89) at 4:10–14 (requesting permission to withdraw the motion "without prejudice to filing such a motion at some later date and in accordance with the applicable rules").)

Kontogiannis waited over four years before he filed a new § 2255 petition, bringing the same claims as in his earlier petition while giving a new and conflicting explanation for withdrawing that petition. (Docket no. 98.) Earlier he represented that someone else had filed the petition for him without his permission, and upon discovering this, he sought to have it withdrawn so that he could look it over. He now maintains that he indeed filed the earlier petition, but withdrew it because his attorneys persuaded him to do so for tactical reasons. (*Id.* at 8, 9.)[1] He also represents that "No further motions were filed in this case," (*id.* at 9), although the docket reflects that a post-trial motion to modify the interest on the fine was filed and adjudicated. The last docket entry before the filing of the current petition was April 28, 2009.

Had the Court been presented with Kontogiannis' new explanation instead of the one he gave at the time, it would have denied his request to withdraw his earlier petition and would have required Kontogiannis to either pursue his claims or drop them. But the Court need not determine whether Kontogiannis first or second explanation was false (or whether both were), because it is clear his petition is time-barred. Petitions filed pursuant to § 2255 are subject to a one-year statute of limitations running from the latest of four dates. § 2255(f). Here, the time began to run for Kontogiannis on May 19, 2008, when judgment was entered. Furthermore, this petition raises the same claims as the earlier one. (Docket no. 98 at 8 "Petitioner now rehashes the claims raised in his prior petition.") so he obviously knew and could have raised these same claims four years ago. The one-year limitations period thus expired over three years ago, and relief under § 2255 is unavailable.

Kontogiannis repeatedly invokes the phrase "actual innocence," and if he had any realistic chance at showing he was actually innocent, he might be able to avoid the time bar. A petitioner's colorable claim of actual innocence permits him to proceed with a petition under 28 U.S.C. § 2241, an "escape hatch" to § 2255's otherwise applicable time limitations. *See Harrison v Ollison*, 519 F.3d 952, 958–59 (9th Cir. 2008). But the "escape hatch"

---

[1] Although the petition's pages are numbered, the numbering restarts midway through the petition. For the sake of clarity, the Court will refer to the docketed page numbers which can be found in the Electronic Case Filing header at the top of the document.

provision is only available where a petitioner has not had an "unobstructed procedural shot" at presenting his claim of actual innocence. *Id*. Here, Kontogiannis has had that shot, as illustrated by the fact that he in fact did claim actual innocence in his initial petition, of which he admits the current petition is merely a "rehash."

Kontogiannis also cites the Court's order of August 28, 2008, as if it extended the limitations period. (*See* Docket no. 98 at 2 ("Court granted motion to withdraw Section 2255 without prejudice to refiling. The petitioner now refiles.")) It did not. The Court's order did not purport to extend, toll, or suspend the running of the limitations period in § 2255(f); rather, it specified that he could refile "in accordance with applicable rules." In other words, because the initial petition was dismissed without prejudice, if Kontogiannis filed another § 2255 petition, it would not considered a "second or successive" petition. *See Green v. White*, 223 F.3d 1001, 1002 n.1 (9th Cir. 2000) (explaining that, if initial petition is adjudicated on the merits or dismissed with prejudice, later petition will generally be considered "second or successive"). But if Kontogiannis wanted to file another petition, he still had to comply with applicable rules. Those "applicable rules" include the one-year limitations period.

Other than the arguments discussed, Kontogiannis makes no effort to show why the limitations period should be tolled or extended in any way.

Finally, although not necessary to the Court's decision, it is apparent Kontogiannis' "actual innocence" claim is frivolous. He essentially argues that he would have been acquitted at trial because the amount of money fraudulently transferred was $525,000, instead of over $1 million which (he claims) was alleged in the information.[2] (*See* Docket no. 98 at 10–11.)  In fact, the information merely alleges that the amount was "greater than $10,000." *See also* 18 U.S.C. § 1957(a) (specifying that the value be "greater than $10,000"). Rather than the pleading allegations in the complaint, what Kontogiannis is actually referring to are Guideline provisions that he stipulated to in his plea agreement. These have no bearing on whether he was guilty of the offense, but relate only to what the

/ / /

---

[2] Kontogiannis waived indictment.

proper sentence was. Based on his own admission, he was guilty, and there is no foundation for any "actual innocence" argument.

The petition is **DENIED** and a certificate of appealability is also **DENIED**.

**IT IS SO ORDERED**.

DATED: September 18, 2012

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge